IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MANUEL GUERRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-191-D |
| | § | |
| JOEL RICHARDSON, Sheriff, | § | |
| Randall County, Texas, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* filed by petitioner MANUEL GUERRA [ECF 3]. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On November 29, 2017, execution of a search warrant at a business address in Potter County, Texas resulted in the discovery of approximately 2 pounds of methamphetamine in a gun case with an AR-15 assault rifle. On November 30, 2017, petitioner was charged by Complaint with the federal criminal offense of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. *United States v. Guerra*, No. 2:17-MJ-121. On December 1, 2017, counsel was appointed to represent petitioner in his criminal proceeding. [ECF 12].

On December 21, 2017, petitioner was charged by grand jury Indictment with the federal

criminal offenses of (1) conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846, (2) possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), 924(c)(1)(A)(i).  *United States v. Guerra*, No. 2:17-CR-137(01).  Appointed counsel represented petitioner at several court appearances and filed pretrial discovery motions on petitioner's behalf.  On July 30, 2018, the Court substituted retained counsel for appointed counsel. [ECF 79].  On September 12, 2018, petitioner was charged with the same federal criminal offenses by a Superseding Indictment that included an expanded forfeiture notice.  The Court subsequently denied  motions to suppress, for appointment of experts, and to exclude a Government witness filed by retained counsel.  [ECF 116].  Jury trial in this case was set for October 9, 2018.  [ECF 82].

On October 5, 2018, this Court received an unsigned 28 U.S.C. § 2241 habeas petition form captioned in the style of this case.  [ECF 3].  Included with the petition was a 40-page memorandum and a cover letter, both signed by petitioner and dated October 3, 2018.  [ECF 4]. At the time he filed the 2241 application, petitioner was confined in the Randall County Jail as a federal pre-trial detainee under indictment for the above-stated federal conspiracy and drug and firearm possession offenses.  Although still represented by retained counsel in his criminal case, petitioner filed the instant 2241 petition initiating this civil proceeding *pro se*.

On October 9, 2018, petitioner, represented by his retained counsel, was tried before a jury in his criminal case and found guilty on all three (3) indicted counts.  On December 20, 2018, petitioner was sentenced to two (2) 240-month concurrent terms of imprisonment for the conspiracy and possession with intent to distribute offenses, and a 60-month term of imprisonment

for the possession of a firearm offense, said sentence to run consecutively to the 240-month sentences.

Petitioner's retained counsel filed a timely notice of appeal, and new appointed counsel is currently representing petitioner on appeal of his conviction and sentence. *See United States v. Guerra*, No. 18-11407.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. This Court lacks jurisdiction over his criminal proceeding[1] because the federal crimes with which he was charged did not occur on federal property (territory or land purchased by or ceded to the United States by consent of the Texas Legislature); and

2. Petitioner was denied effective assistance of counsel because counsel failed to argue this Court lacked jurisdiction in pretrial proceedings.

III.
MERITS

Petitioner initially asserts this Court does not have territorial jurisdiction in his criminal case.[2] *United States v. Guerra*, No. 2:17-CR-137(01). Although possibly asserting other bases for the Court's lack of jurisdiction, the primary basis of petitioner's argument appears to be that

---

[1] Petitioner specifically asserts the Court, as well as the Government, "are without statutory or constitutional subject-matter, Legislative, Exclusive or Concurrent Territorial, General jurisdiction." [ECF 3 at 5].

[2] Although petitioner references subject matter jurisdiction in his ground, he does not appear to specifically argue this Court lacks subject matter jurisdiction in his criminal case. "Subject matter jurisdiction, or the court's power to hear a case, is straightforward in the criminal context." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (internal quotation marks omitted) (*Scruggs II*). It is determined by looking at the indictment or information. *United States v. Scruggs*, 691 F.3d 660, 667–68 (5th Cir. 2012). "[A] federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges . . . that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes." *Scruggs II*, 714 F.3d at 262. As petitioner does not argue the Indictment did not charge him with an offense in violation of a federal statute, the below discussion will be limited to petitioner's argument that this Court lacks territorial jurisdiction in his criminal case.

only the State of Texas, not the United States, has jurisdiction to prosecute any criminal offenses that may have occurred on the property identified in the affidavit supporting the Complaint in his criminal case, *i.e.*, his place of business in Potter County, Texas. Petitioner's theory appears to be that for federal criminal jurisdiction to attach to property within the State of Texas either the United States must have bought the land on which the offense occurred, or the land must have been ceded by the State of Texas to the federal government – neither of which has occurred here. Petitioner thus concludes this Court does not have jurisdiction to hear his criminal case. Petitioner's argument also seems to posit that his federal prosecution entails a violation of the sovereignty of the State of Texas and that he has standing to assert whatever sovereign rights the State of Texas may have.

Numerous courts have routinely rejected identical or similar claims that federal courts lack jurisdiction to hear prosecutorial cases alleging federal crimes committed within the boundaries of a state. *See United States v. Gerhard,* 615 F.3d 7, 25-26 (1st Cir. 2010) (rejecting as "utterly frivolous" argument that federal court did not have jurisdiction and federal criminal laws did not apply unless the State of New Hampshire had ceded the land where the offense was alleged to have occurred to the United States); *Cantrell v. Reno*, 36 Fed.Appx. 651 (1st Cir. 2002) (denying claim that district court lacked jurisdiction because criminal conduct occurred in a state and not on federally owned land, a territory, or the District of Columbia); *United States v. Hamilton,* 263 F.3d 645, 655 (6th Cir. 2001) (denying as frivolous claim that federal court lacked jurisdiction because the location of the criminal activity was "not out of the jurisdiction of the sovereign state . . . and thus [was] NOT WITHIN the jurisdiction of the Federal United States"); *United States v. Lussier,* 929 F.2d 25, 27 (1st Cir. 1991) (joining many courts who have rejected the "silly claim" that federal district courts lack subject matter jurisdiction over a criminal prosecution because the crime

was committed "outside the territorial limits and jurisdiction of the United States"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (federal criminal jurisdiction is not limited to the District of Columbia, United States territorial possessions and ceded territories); *United States v. Holmes*, 2015 WL 5944437 (W.D.La. June 30, 2015) (denying as frivolous claim that petitioner, as a "private citizen" subject to the Constitution, was not subject to federal criminal jurisdiction); *United States v. Ferguson*, E.D.Tx. Jan. 7, 2008) (denying as frivolous claim that Court did not have jurisdiction because the offenses occurred within the State of Texas on lands where the jurisdiction was not ceded to the United States by the State of Texas).

In summary, the Constitution "grants Congress broad authority" to create federal crimes. *See* United States Constitution, Article I, § 8. Congress "routinely exercises" its authority to enact criminal laws in furtherance of . . . its enumerated powers," *United States v. Comstock,* 560 U.S. 126, 136 (2010), and Congress has given the United States district courts exclusive original jurisdiction over all federal crimes it has created. *See* 18 U.S.C. § 3231. This district court jurisdiction over federal crimes under section 3231 is <u>not</u> limited to crimes that occur on federally owned property. *See Cantrell,* 36 Fed.Appx. at 652; *Hamilton,* 263 F.3d at 655; *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir. 1994) (claim that defendant was not subject to federal criminal laws because he was solely a state resident and not a resident of any "federal zone" was patently frivolous). Nor is a state's permission a prerequisite to a federal district court's exercise of that jurisdiction over a federal criminal prosecution. *United States v. Burchett,* 1993 WL 473698 at *1 (6th Cir. Nov.16, 1993); *United States v. Sitton,* 968 F.2d 947, 953 (9th Cir. 1992), *abrogated on other grounds by Koon v. United States,* 518 U.S. 81 (1996).

The fact that Texas has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute petitioner for federal crimes occurring

within those same boundaries. An act defined as a crime by both national and state sovereignties is "an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza,* 260 U.S. 377, 382 (1922). There is no offense to state sovereignty by the federal prosecution of petitioner for a federal criminal offense, nor has the State of Texas claimed that there is in petitioner's criminal proceeding. In fact, Texas, through the Randall County Sheriff's Office, deployed its own law enforcement to assist federal authorities in the execution of the search warrant at the address in question and to arrest petitioner.

The undersigned notes the statutes under which petitioner was charged, *i.e.*, 21 U.S.C. §§ 846 and 841, and 18 U.S.C. § 924, make certain actions criminal, under federal law, regardless of where they are committed. That is, the location of the crime itself is not an element of the offense. Petitioner was, however, charged with committing the offenses within the Northern District of Texas. Title 28 U.S.C. § 124(a)(5) provides that the jurisdiction of the Northern District of Texas covers various counties, including Potter County, where petitioner's crimes were committed. The evidence of record shows petitioner's criminal conduct occurred in Potter County, Texas, and that jurisdiction and venue were proper in the United States District Court for the Northern District of Texas, Amarillo Division. *See* Fed. R. Crim. P. 18. As noted above, a judicial showing of United States' ownership of the property or state cession of jurisdiction regard the specific property involved was also not necessary and was not an element of the offenses charged. Therefore, it is clear this Court had jurisdiction to adjudicate the government's criminal case against petitioner. Petitioner's lack of jurisdiction argument is not only meritless but is also frivolous and should be denied.

Petitioner next asserts he was denied effective assistance of counsel because trial counsel failed to assert the Court's lack of subject matter jurisdiction in pre-trial proceedings in his criminal

case. Counsel's failure to assert a meritless objection or to file a frivolous motion to dismiss asserting the Court's lack of subject matter jurisdiction was not deficient, nor was petitioner prejudiced by any refusal of counsel to do so. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections). Petitioner's claim of ineffective assistance of counsel during the pre-trial proceedings should be denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the petition for a writ of habeas corpus filed by petitioner MANUEL GUERRA be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 16, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).